HYNEK BALIN *et al.* V. JOSEPH OSOBA *et ux.*

No. 15,035.    (91 Pac. 57.)

SYLLABUS BY THE COURT.

CONVEYANCES—*Deed Recorded and Retained by Grantor—Constructive Delivery.* Where a contract is made for the sale of land, the consideration being the assumption of an existing mortgage and the payment of a sum of money at a future date (no note for the deferred payment being contemplated), and the vendor files for record a deed from himself to the vendee, who thereupon goes into possession of the land and thereafter pays the taxes thereon and the interest on the mortgage as they accrue, this situation continuing for two years without objection by the grantor, these facts warrant an inference that he intended that the title should pass, and a finding that there was a constructive delivery of the deed, notwithstanding it was never manually delivered.

Error from Greenwood district court; GRANVILLE P. AIKMAN, judge. Opinion filed July 5, 1907. Affirmed.

*Jackson & Darby*, for plaintiffs in error.

*Lew E. Clogston*, for defendants in error.

The opinion of the court was delivered by

MASON, J.: John Balin died intestate owning a farm, the title to which passed to his widow, Margretha Balin, their sons, Hynek and Joseph Balin, and their daughters, Christina Osoba and Johanna Ullman. In 1888 a conveyance was made to Margretha Balin by all the other heirs excepting Mrs. Osoba. In 1901 Margretha Balin made a warranty deed to Hynek Balin, which was duly filed for record, he at the same time executing an instrument which was never recorded by which he gave her a lease to the property for her life and agreed at her death to pay $100 to each of his sisters. Thereafter he and his mother lived upon the place, he managing it and giving her as rent one-third of the crops.

In 1903 Hynek Balin entered into negotiations with Christina Osoba and her husband, who were then living in Pennsylvania, for the conveyance of the land to them, in consideration of their assuming an existing mortgage and paying $100 to Johanna Ullman upon the death of Margretha Balin. Afterward a dispute arose, Hynek asserting that it had been understood that the conveyance was to be subject to the mother's life lease, and Christina and her husband denying this and disavowing any knowledge of such lease or of any claim on the part of Margretha to an interest in the property. Whatever the fact may have been in this respect, on November 28, 1903, Hynek signed, acknowledged and placed on record a warranty deed to Christina and her husband, purporting to transfer a complete title except for the mortgage, which it recited was to be paid by the grantees. According to the claim of Christina and Joseph Osoba, which has some support in the evidence, Hynek then moved to another farm, which he had bought with the proceeds of the mortgage, and their son assumed possession and control of

the place in their behalf, and thereafter they paid the interest on the mortgage and the taxes on the land as they accrued. In July, 1905, they came west and began living upon the farm themselves, with the others. A few weeks later they expelled Margretha from the property, and she and Hynek then began an action against them to recover possession and declare the deed a nullity. The court gave judgment for the defendants, and the plaintiffs prosecute error.

Although the negotiations for the sale of the land were carried on entirely by correspondence, most of the letters had been lost and each party relied upon oral testimony to establish their contents. This testimony being conflicting, the judgment must be interpreted as establishing that the defendants contracted for immediate possession, and had no actual notice of the life-interest of Margretha Balin in the land. They had no constructive notice of it, for the instrument creating it was not recorded, and the possession of Margretha Balin gave no warning of a claim on her part, for persons dealing with her grantee were justified in regarding her execution of a warranty deed as a renunciation of any such claim.

"Possession of real estate by the grantor in a warranty deed does not impart notice to a purchaser from the grantee of secret equities existing in favor of the person occupying the land. The possession in such case by one who has conveyed the land indicates that he is holding the premises for a temporary purpose only, as a tenant at sufferance of his grantee." (*Hockman v. Thuma,* 68 Kan. 519, 75 Pac. 486.)

These considerations limit the present inquiry to one question: Was the court warranted in finding that there was a valid delivery of the deed executed by Hynek Balin to Christina and Joseph Osoba. It was admitted there was no actual, physical delivery of the document itself to either of the grantees. After it had been recorded it was returned to the grantor, who has ever since retained it. Nevertheless, if the filing of the deed for record was intended by the grantor and

accepted by the grantees as a constructive delivery, the law will give it that effect. It is well settled that delivery is largely a matter of intention; that a manual delivery is not necessary; that although registration may not itself constitute delivery it is a circumstance from which delivery may be inferred, and will be inferred in the absence of some sufficient reason to the contrary. These propositions are elementary, and are supported by the texts and citations to be found in volume 13 of the Cyclopedia of Law and Procedure, at pages 561, 562, 567 and 569, and in volume 9 of the American and English Encyclopædia of Law, at pages 153, 154 and 159.

In the present case it must be borne in mind that the grantees had done everything required of them by the contract as they stated it. No cash payment was to be made and no note was to be given. The deed upon its face showed their assumption of the mortgage debt, they had paid the instalments of interest, and the remainder of the purchase-price was not due until the death of Margretha Balin. Their going into possession and paying taxes and interest sufficiently established their acceptance of the deed, with its obligations as well as its benefits. The silence of Hynek Balin for a considerable period—perhaps about two years, not being otherwise explained by any testimony which the court was bound to believe, warranted the inference that he regarded the transaction as completed. True, he afterward demanded that Christina and Joseph Osoba should execute an acknowledgment of Margretha's life-interest as a condition for the final delivery to them of the deed, but in view of all the evidence this may have been an afterthought. As was said of a similar situation in *Kelsa v. Graves,* 64 Kan. 777, 68 Pac. 607:

"The fact that the plaintiff executed the deed and at the same time recorded it is entitled to consideration, and while the recording of the deed is not conclusive, and may be rebutted by circumstances or proof of a contrary purpose, still there were acts and words of

the parties showing an intention to treat the instrument as a conveyance, and both parties, according to the proof offered in behalf of the defendants, acted as if the property had actually passed by the transfer. There was sufficient proof of the conveyance, constructive delivery, and an acceptance by the grantee; and, although there was contradictory evidence given in behalf of plaintiff, the general finding of the court settles all such disputes in favor of the defendants." (Page 779.)

The judgment rendered not only denied the plaintiffs' petition, but also quieted the defendants' title against them. Complaint is made that the latter part of the judgment was outside of the issues made by the pleadings, inasmuch as no affirmative relief was asked in the answer. A decision for the defendants on the merits, however, necessarily had the effect to bar any future claim of either of the plaintiffs to the property, and no prejudice could result from this fact's being given positive expression.

The judgment is affirmed.