No. 33,324

GERTRUDE CARVER, *Appellee*, v. CORAL ARTIE MAIN et al., *Appellants*.

(69 P. 2d 681)

Opinion filed July 10, 1937.

*Harry C. Blaker,* of Pleasanton, for the appellants.
*Harry W. Fisher,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action between two sisters concerning their claims in and to the forty-acre home of their parents, the title to which stood in the name of their father, the plaintiff claiming the right to a judgment under a written contract for $1,000 for services rendered her parents and partition as to the balance of interest in the property. The defendant claimed under a deed made and executed by her parents to her for services rendered them, which deed was placed of record by the father after the death of the mother. After numerous motions, demurrers and amendments of pleadings the court heard the evidence and made findings of fact and conclusions of law, rendering judgment against the defendant by setting aside her deed and directing partition of the property, from which judgment, after the overruling of her motion for a new trial, the defendant appeals.

The petition filed by the plaintiff on September 16, 1933, about one month after the death of the father of both parties, was, as above stated, for the recovery of $1,000 for services rendered the parents and for partition of the remaining property between herself and the other children, all of whom were made parties defendant, but none of whom have participated in the litigation except Mrs. Main.

The defendant, Mrs. Main, answered by a general denial except admitting the facts of the death of the parents and the former title of the land in question being in the name of the father, and further alleged that on November 20, 1926, her parents deeded, conveyed and transferred to her by warranty deed this real estate, which deed was duly recorded in the office of the register of deeds of Linn county, Kansas, on October 15, 1931, and on the same day that the deed was executed the parents jointly made and executed their last will and testament under the terms of which they devised said real estate to the defendant, Mrs. Main, setting up a copy of the deed and the will, and further alleged that the will had not been probated and that she was the owner in fee simple of the real estate.

To this the plaintiff replied in the form of a general denial and further alleged:

"That on or about November 20, 1926, W. M. McNeil and Sarah A. McNeil entered into a contract with Artie Coral Main, in which she agreed to live with and care for her parents, render service unto them and pay the expenses of their last illness, in lieu of which they agreed to give her some interest in the real estate in controversy herein, but plaintiff alleges that Artie Coral Main violated that agreement by leaving her parents and neglecting to carry out the terms and conditions of the said contract, and that therefore both the deed and the will pleaded in defendant's answer are without consideration, and plaintiff further alleges:

"That by the terms of the agreement, which was in writing, and a copy of which is in defendant's possession, specifically provided that the deeds not be recorded until after the full compliance with the contract.

"That the deed and the will were wrongfully taken possession of by the defendant, Coral Artie Main, and that they were never delivered to Coral Artie Main, and are without force and effect."

The defendant filed a motion for judgment for defendant on the pleadings, which motion was sustained, the court considering it as a demurrer to the petition and holding that the petition did not state facts sufficient to constitute a cause of action in partition. The plaintiff then filed an amended petition which contained substantially the allegations of the first petition and the reply, and further alleged that the defendant unlawfully and wrongfully placed the deed of record and obtained possession of the deed unlawfully, wrongfully and fraudulently, and the deed was void and of no force and effect. The petition concludes with a prayer for judgment in the sum of $1,000 and that the land be held subject to partition. A demurrer filed by defendant to this amended petition was sustained by the trial court. Later the plaintiff filed a second amended petition which was substantially the same as the first amended petition except for an allegation and prayer for ejectment of the defendant from the premises. The demurrer of the defendant to the second amended petition was by the court overruled and the defendant filed an answer substantially the same as the original answer, except to plead the bar of the statute of limitations under paragraph 3 of G. S. 1935, 60-306. The motion of the defendant for judgment on the pleadings was overruled, and the court proceeded with the hearing of evidence and at the conclusion of plaintiff's evidence a demurrer thereto was overruled by the court. Thereafter defendant's evidence was introduced, and the court made findings of fact and conclusions of law.

Finding of fact No. 6 is so unusual that it should be considered first because it necessarily affects and concerns all the other findings of fact. It is as follows:

"6. That the feeling and attitude exhibited by the plaintiff and the defendant, Coral Artie Main, upon the trial of this action, prevents the court from giving sufficient consideration to the testimony of either, upon which to base any decision in this case, and the testimony of other witnesses, exhibits introduced and deductions to be made from all of the facts and circumstances appearing on the trial of the action, do not give any clear guide as to a safe and final judgment."

This statement or finding serves in some measure to explain the situation where the record fails to show any evidence whatever to support the findings or the findings to support the conclusions.

Without copying in detail the several findings, mention may be made of the substance of some of the most important of them. The court found that the deed alleged to have been made to the defendant was executed at the same time a joint will was made and executed and that the deed never came into the possession of the defendant and was never delivered to her until after the death of her father; that both deed and will were procured by and through the undue influence of the defendant exerted upon her parents; that defendant never gave any consideration for the land conveyed by the deed, but a contract was made relating thereto, the terms of which the evidence does not disclose, but plaintiff never had an enforceable contract for $1,000 for services rendered; that the warranty deed made to defendant should be set aside and held for naught and that the land in question is subject to partition and should be partitioned. The conclusions of law in effect restate the above-mentioned findings.

The first assignment of error by the appellant is that the judgment and findings are not supported by evidence. To summarize the findings in relation to the deed under which the defendant claims, they are (1) want of consideration, (2) undue influence of the defendant exerted upon her parents, (3) that there was no delivery of the deed, and (4) that there was a contract entered into by the parties at the time the deed was executed.

Plaintiff testified that her father was sick when she came home from Denver in 1924 and that Mr. and Mrs. Main were living in the house with the parents. Later they moved down the road a short distance. Still later they moved back with the folks but went to Wyoming two or three times and finally came back and settled in the home of the parents in the spring of 1930 and continued to live on the place until the death of the father in 1933; that her mother had told her something about a deed to the Mains and she hap-

pened to see where it had been recorded. She understood there was a contract between the parents and the Mains. Plaintiff put defendant on the witness stand and she testified "there was no contract," but she delivered the deed and the will, which were introduced in evidence. A brother, Zelbert McNeil, called to testify for plaintiff, stated among other things that he was living in the house on the forty-acre tract with his parents and the Mains were living there at the time Gertrude, the plaintiff, came back in 1924; that the plaintiff never lived with the parents after she was married the last time in 1926 or 1927, but the Mains lived with them at the time of the death of both parents. The family physician testified as a witness for plaintiff, and stated that Mr. McNeil was a smart and shrewd man up till the time of his death, and was in good health from 1924 to 1933.

Plaintiff also introduced in evidence a letter written by Chas. F. Trinkle to the plaintiff, dated February 13, 1932, which mentions the deed and will which had been prepared by him while he was in the practice and that the defendant and her father had been to his office with both those papers two or three months before he wrote the letter, and he said to plaintiff:

"These instruments were in the same condition as when I prepared them, but under a misapprehension they had filed them for record. I explained to them that the papers ought not to have been recorded and they said they would correct the matter. There is nothing that I can do about it and no advice that I can give you, because if you people have any trouble about your father's estate, it will probably be a matter that I will have to determine, and for that reason I do not want to advise you what to do."

This is the substance of all the testimony offered by plaintiff. Unless we have overlooked something in this evidence of the plaintiff, the demurrer to the evidence should have been sustained. We find in it no positive evidence as to three of the four important allegations of the petition with reference to the invalidity of defendant's deed—want of consideration of the deed, undue influence of defendant exerted upon her parents and no delivery of the deed to defendant.

There was an inference in the letter introduced in evidence as to there having been a contract, but that alone would not justify the setting aside of the deed to defendant. In appellee's brief it is said:

"It was admitted by all parties that this deed was without consideration, and given from father and mother to daughter, who lived in the family, was taking care of her father and mother and that a confidential relationship existed between them. Therefore, the burden of proof shifted to the appellant."

A careful search of the record fails to reveal such admission un-

less it is by inference. "One dollar and other valuable consideration" is the consideration expressed in the deed introduced in evidence. The evidence shows care and services rendered the parents by the defendant which may have implied that there was no money consideration for the deed. There should always be a confidential relationship between parents and children, but that is very different from undue influence of defendant exerted upon her parents or a showing that the deed was "unlawfully and wrongfully and fraudulently obtained," as alleged in the petition. We do not think the evidence of the plaintiff on any of these allegations was sufficient to sustain plaintiff's cause of action or to shift the burden of proof.

The evidence of the defendant shows that the deed of the parents to the defendant was placed of record by the father on October 15, 1931, several months after the death of his wife, and he left it with the probate judge after it had been recorded, and defendant did not receive it until after her father's death. Defendant said she knew of the making of the deed and will in 1926, but never knew of any other paper that had been made. Elmer McNeil, a brother of both plaintiff and defendant, testified he knew about the making of the deed to the defendant; his father and mother told him they had given a deed to her; that she took good care of the folks and whenever they sent for her she came; that the parents were capable and in good health until their death and that he "doesn't think there was any contract."

There is an absolute want of proof of undue influence or of unlawful, wrongful or fraudulent obtaining of the deed. The evidence of both plaintiff and defendant shows consideration for the deed in the way of care and attention for the parents for many years and until their death. Besides, G. S. 1935, 16-107, provides:

"All contracts in writing, signed by the party bound thereby, or his authorized agent or attorney, shall import a consideration."

It was said in *Drake v. Seck, Adm'x*, 116 Kan. 717, 229 Pac. 67, that—

"Want of consideration is not a mere burden-shifter, but is an affirmative defense (R. S. 16-108), which must be established by a preponderance of the evidence in order to defeat recovery. (*Fuller v. Scott*, 8 Kan. 25.) The presumption of consideration is not a presumption of law; it is a presumption of fact. It extends to any fact which, under the situation and circumstances of the parties, might reasonably supply a consideration, and it cannot be overthrown except by proof of facts warranting the inference of no consideration of any kind." (p. 718.) (See, also, *Avery v. Lambertson*, 74 Kan. 304, 86 Pac. 456; and *Chisholm v. Snider*, 145 Kan. 573, 66 P. 2d 606.)

In this same connection it is asserted that the defendant unlawfully procured possession of the deed and recorded it. There is no evidence whatever to support such contention, but on the contrary there was evidence that the father, one of the grantors, after the death of his wife, had the deed recorded and left it afterwards with the probate judge. The effect of the recording of a deed by the grantor is to make a manual delivery of the deed unnecessary.

In *Turner v. Close*, 125 Kan. 485, 264 Pac. 1047, it was held:

"Where a deed is intentionally recorded by the grantor a manual delivery of the deed thereafter is not necessary to make it effectual.

"Retaining exclusive possession of a deed by the grantor after having recorded it does not necessarily negative the theory of previous delivery." (Syl. ¶¶ 3, 4.)

In *Miller v. Miller*, 91 Kan. 1, 136 Pac. 953, it was held:

"The recording of the deed by the grantor made it effective as to all persons benefited by it who did not dissent." (Syl. ¶ 5.)

It was held in *Hoard v. Jones*, 119 Kan. 138, 237 Pac. 88:

"The possession by the grantee, or by a third person for the grantee, of a deed, duly executed and acknowledged, purporting to convey full title to real property, with the grantor's reservation of its use during his life, raises a presumption of delivery which can be overcome only by clear and convincing evidence. The burden of showing nondelivery is upon those who contend that such deed was not delivered." (Syl. ¶ 6.)

"The question of the delivery of a deed is largely a question of intention, ordinarily to be determined by the jury or trial court as a question of fact, but when the facts are not controverted the question should be determined by the court as a question of law, and when the facts have been fully tried, leaving only questions of law to be decided, this court may direct the entry of a proper judgment—following *Worth v. Butler*, 83 Kan. 513, 112 Pac. 111." (Syl. ¶ 9.)

Under these and similar authorities we must conclude there was not sufficient evidence to support the findings of the court concerning the invalidity of the deed of the parents to the defendant, and instead of it being set aside it should have been held valid and binding. Upon reaching this conclusion it is unnecessary to consider any of the other errors assigned by the appellant and discussed in the briefs of both parties. There is no cross-appeal as to the $1,000 claim of the plaintiff.

The judgment of the trial court setting aside the deed to defendant and ordering partition of the property is reversed, and the cause is remanded with directions to render judgment for defendant, Mrs. Main, on the deed to her by her parents. It is so ordered.