No. 35,149

Olga Gilkison et al., *Appellees* and *Cross-appellants*, v. Blaine Roberts, The Kansas Methodist Home for Children of Newton et al., *Appellants*.

(114 P. 2d 797)

Opinion filed July 5, 1941.

*Vincent G. Fleming, Blaine Roberts,* both of Larned, *Ezra Branine, Alden Branine, Fred Ice,* all of Newton, *William J. Wertz, Vincent F. Hiebsch* and *Milton Zacharias,* all of Wichita, for the appellants.

*R. C. Russell,* of Great Bend, *Evart Garvin, Morris Garvin,* both of St. John, and *A. L. Moffat,* of Kinsley, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to quiet title to real estate. Judgment was entered for the plaintiffs. Defendants appeal.

The defendants were devisees named in the will of Anna Katrina Sjogren. Plaintiffs were her daughters.

The petition alleged that plaintiffs were in possession and the owners of three described quarter sections of land and two town lots, and that the defendants claimed title to the real estate in question based upon an alleged will of Anna made on or about July 9, 1931, and that at the time of the death of Anna she had no right, title or interest in the real estate in question. A copy of the will was attached.

The defendants filed an answer in which they denied that the plaintiffs were the owners of the real estate in fee simple described and alleged that their possession was without legal right. The answer also denied the statement that Anna owned no right in the property at the time of her death.

Defendants also denied that their claims were void as against the title of the plaintiffs and alleged that the will attached to the petition had been adjudicated a valid will and ordered admitted to probate; that at the time of the filing of the answer no executor or administrator of the will had been appointed, and that, subject to the rights of such executor or administrator, the defendants were the owners and entitled to immediate possession of the real estate.

These defendants also filed a cross petition in which they alleged that subject to the rights of the personal representative that might be appointed by the probate court they were the owners in fee simple of the real estate described and were entitled to immediate possession of it. It should be noted here that in her will Anna bequeathed one quarter section of land to the Kansas Methodist Home for Children; another quarter section to the First Methodist Episcopal Church of Larned; another quarter to the Methodist Hospital at Wichita; $600 to Blaine Roberts, and a residuary clause bequeathed the residue of the estate to Grace Hospital of Hutchinson, and appointed Roscoe Peterson as executor; and directed that the executor should sell the two lots in Larned and use the money to pay her debts and the specific legacies.

The defendants in their cross petition further alleged that the plaintiffs claimed their title to the real estate by virture of a purported power of attorney which had been filed for record in the office of the register of deeds of Pawnee county on the 18th day of August, 1936 (a copy of this instrument was attached to the petition) ; that the exact nature of the claim made by the plaintiff was unknown to defendants; that these claims were void as against the title of defendants; that the purported power of attorney was void and a nullity for the reason that its execution was procured by fraud.

The cross petition further alleged that plaintiffs were the daughters of Anna and her husband; that prior to the death of their father plaintiffs acquired three valuable quarter sections of land from him and the land described in plaintiff's petition was devised to Anna by her husband; that the plaintiffs had received several thousand dollars in cash from Anna and attempted by various devices and schemes to obtain title to all of Anna's property during her lifetime; that in furtherance of their plan they attempted to have their mother adjudged incompetent by accusing her of being a distracted person; that a trial had been had wherein a verdict was returned that she was not incompetent; that at various times plaintiffs had solicited

other persons to secure the conveyance of her property to plaintiffs; that in furtherance of this plan to secure unlawful possession of their mother's property the plaintiffs about August 14, 1936, acting through Olga Gilkison, one of the plaintiffs, told Anna that it was necessary that Anna execute an instrument of writing giving Olga the right to handle such matters in the name of Anna; that in August, 1936, Anna was infirm and enfeebled in body and mind, of limited knowledge of the English language and unlearned in the phraseology of legal documents; that the power of attorney was submitted to her by plaintiffs without her having an opportunity to obtain any independent advice and that she believed that the representations of plaintiffs regarding the necessity for her execution of the documents were true, whereas they were false and fraudulent and known by all the plaintiffs to be false and fraudulent and that they were made for the purpose of unlawfully defrauding her and obtaining possession of and title to the property; that relying upon these representations she executed the power of attorney; that by reason of this fraud the purported power of attorney was a nullity and the defendants were entitled to a judgment setting it aside and removing it as a cloud upon the title to the real estate in question.

For a second cause of action in the cross petition the defendants incorporated all the allegations of the first cause of action and alleged that plaintiffs claimed some title to the real estate on account of a purported warranty deed filed for record in the office of the register of deeds, dated August 24, 1936. A copy of this deed was attached to the cross petition. They further alleged that the exact nature of the claims made by plaintiffs was unknown, but that they were void as against the title of the defendants because the purported deed was executed by Olga Gilkison as attorney in fact for Anna as a part of the fraudulent scheme to obtain possession and title to the property by the fraudulent representations made to Anna by the plaintiffs, in reliance upon which she executed the purported power of attorney described in the first cause of action; that the deed was executed by plaintiff Gilkison in violation of the provisions of the power of attorney and in violation of the fiduciary relation existing between her and Anna and for the reason that the power of attorney directed its execution for the benefit of Anna and the deed was executed wholly without consideration; that the purported power of attorney granted only the power to sell the real estate but did not authorize its conveyance by way of a gift; that by this deed Olga

undertook to convey the real estate to herself and to her two sisters as grantees without consideration for their own use and benefit and that such an attempted conveyance was a legal fraud; that Olga had no power to make such a conveyance upon behalf of Anna for the reason that the power of attorney under which she was attempting to act was void.

The prayer was that the power of attorney and the warranty deed be held for naught, and that the cloud be removed from the title of defendants to the real estate in question.

Later the defendants amended their cross petition by alleging that the plaintiffs had taken possession of the real property in question, and had collected rents and profits, and on account of that there should be an accounting.

By way of reply to defendant's answer the plaintiffs alleged, first, a general denial, and then they alleged that any title claimed by defendants was barred by the two-year statute of limitations, and alleged further that the warranty deed set out in the cross petition was made at the request of Anna and placed of record by Anna, and that she, during her lifetime, accepted benefits reserved to her under the deed, and that Anna, by the execution of this deed and adoption and ratification of it, revoked her last will. The reply further alleged that Anna had executed, on the 6th of January, 1932, an affidavit to the effect that her will was unauthorized by her, and was null and void, and was made without her knowledge or consent.

For an amended answer to the cross petition of defendants plaintiffs withdrew all pleadings theretofore filed in the action.

Plaintiffs then denied that the cross petition stated facts sufficient to constitute a cause of action, and denied that the action was being prosecuted in the name of the real party in interest. Plaintiffs further denied all the allegations of the cross petition generally, and alleged that the affirmative relief sought in the cross petition was based upon alleged fraud, and was barred by the statute of limitations, especially G. S. 1935, 60-306. Plaintiffs denied that the power of attorney was obtained by fraud. They also denied that the warranty deed was obtained by fraud. Plaintiffs alleged that the deed was executed by Olga, as attorney in fact for Anna, at the request, and in the presence of Anna, and that Anna delivered the deed during her lifetime to the grantees, and that she caused it to be placed of record, and accepted the benefits reserved to her by virtue of the terms of it; that Anna adopted the deed during her lifetime, and con-

firmed the execution and delivery of it, and that its provisions were fully understood by her; that after the deed was executed and recorded Anna referred to it, and declared it to be her deed; that defendants were estopped to claim any title to the property described in the petition; that since the death of Anna plaintiffs had been in full possession of the real estate.

The answer also alleged that the right to repudiate the deed was a right personal to Anna, and was never exercised by her, although she was fully advised and fully aware of her right. The answer prayed that defendants take nothing by their cross petition.

For reply to the amended answer to defendants' cross petition the defendants alleged, first, a general denial. The defendants further alleged that the questions of law sought to be presented by certain paragraphs of the plaintiffs' amended answer—that is, that the cause of action set up in the cross petition was not prosecuted by the real party in interest, and that the rights of the defendants were barred by the statute of limitations—had been overruled by the trial court in a previous hearing, and were *res judicata.*

In their reply the defendants also demurred separately to the allegations in the answer of the cross petition to the effect that the deed was executed by Olga as attorney, and on her behalf, and had been adopted by her; that she had accepted the benefits of it; that they were estopped from claiming any title in the real estate; that they had been in possession of the property, and that Anna had not repudiated the deed because these paragraphs failed to state a defense to defendant's cross petition.

For further reply defendants denied. that Anna ever attempted to adopt the deed, and denied that Anna failed to repudiate the deed, and alleged that she did openly disaffirm and repudiate the deed, and that she undertook to employ counsel, but was prevented from doing so by the active interference of Olga.

The prayer of the cross petition was renewed.

When the case came on to be tried, the trial court stated that since the plaintiffs had withdrawn their petition the burden of proof was on defendants under their cross petition.

The parties stipulated that the record of the proceedings, in the probate court, in the matter of the estate of Anna Katrina Sjogren, and later in the appeal of this estate to the district court, should all be considered in the record. It was further stipulated that the power of attorney and deed attached to the pleadings were the documents

respectively recorded as alleged, and that plaintiffs were the daughters of Anna Katrina Sjogren, whose name appeared on the power of attorney, and that the matter of an accounting would be taken up at a later date, whereupon the cross petitioners rested their case.

Plaintiffs demurred to this evidence on the ground that it showed first that the action stated in the cross petition was barred by the statute of limitations; that it had not been prosecuted by the proper party in interest, and that defendants had no cause of action against the plaintiffs. This demurrer was overruled.

The plaintiffs then introduced the evidence of the register of deeds at the time the documents were recorded. He testified that the power of attorney was presented for recording by Mrs. Sjogren, and that she paid the recording fee. The plaintiffs then offered several depositions.

The defendants objected to these depositions, and the court reserved its ruling until later. .

The plaintiffs then rested, whereupon the defendants demurred to the evidence introduced by plaintiffs on the ground that it failed to state a defense to their cross petition. Defendants also moved the court for judgment in their favor and against the plaintiffs. Both the motions were overruled.

At a later date counsel for the defendants made a statement that defendants desired to introduce evidence to the effect that the fee book in the office of the register of deeds showed, in the handwriting of the register of deeds, that the fee for recording that deed was paid by Olga Gilkison.

They made an application that the case be reopened for the purpose of showing evidence to this effect. The record is not clear as to how the court ruled upon that application.

The court found that Anna Katrina Sjogren died testate on December 27, 1937, and that she owned the real estate in question; that she left a will, which had been regularly admitted to probate upon appeal to the district court from a ruling of the probate court; that under the terms of the will the land in question was devised as heretofore stated; that no executor had been appointed or qualified; that on the 14th day of August, 1936, Anna executed and delivered to Olga Gilkison the power of attorney designating Olga as her agent in fact; that this power of attorney was filed for record on August 18, 1936; that on the 24th day of August, 1936, Olga executed a warranty deed as agent of Anna under the power of attorney; that this

deed purported to convey the described real estate to plaintiffs, her daughters; that the deed reserved a life estate to Anna, and that no consideration was given by the grantees to Anna for the deed; that Anna, on the 26th day of August, 1936, with knowledge of its contents, took the deed to the register of deeds in Pawnee county, and left it there for recording, and with the intention on her part to convey the real estate to her daughters; that later Olga called at the office of the register of deeds, received the deed, and paid the recording fee; that plaintiffs had been in possession of the real estate since August 26, 1936, and were still in possession of it.

The court made conclusions of law that the deed, when signed, was null and void because an agent could not convey the property of his principal to himself, and that the act of Anna Katrina Sjogren, in taking the deed to, and leaving it with the register of deeds for recording, was an adoption by Anna Katrina Sjogren of the signing and acknowledging of the deed by Anna Katrina Sjogren to her daughters, and there was a delivery of the deed by Anna Katrina Sjogren to her daughters; that the plaintiffs were the owners, and in possession, and defendants, and each of them, had no right, title or claim to this real estate.

A motion to strike certain findings of fact and conclusions of law were made and overruled.

A motion of defendants for judgment was overruled.

Their motion for a new trial was denied, and judgment was entered in accordance with the conclusions of law. Hence this appeal.

At the outset it should be noted that while the pleadings contained charges of fraud alleged to have been practiced upon the mother by her daughters, plaintiffs herein, there was no evidence introduced by the defendants to substantiate these charges. Naturally the trial court made no such finding of fact.

The case is presented to us then solely on the question of whether the trial court should have held for naught the power of attorney and deed in question because the daughter to whom was given the power of attorney conveyed the real estate in question to herself as well as her two sisters. All parties concede that Anna had the power and right to thus convey the real estate in question.

Defendants state the first question as follows:

"Should judgment be granted the appellees when it appears that the right upon which appellees rely has grown out of a wrong, a breach of duty, and a violation of law?"

Defendants urge that this question should have been answered in the negative and the judgment reversed because Olga conveyed this real estate to herself, and as a daughter and attorney in fact of her mother she occupied a position of such confidential relationship to her mother that in the absence of proof of good faith and the payment to her mother of a consideration this court will strike down such a conveyance regardless of failure of proof of actual fraud or ratification by the mother.

It would serve no good purpose to discuss that question as an abstract proposition of law here because the trial court found that standing alone the deed by Olga, the attorney in fact to herself and her two sisters, was void for the reasons stated. The trial court gave judgment for the plaintiffs solely on the ground that Anna, the mother, by bringing the deed into the office of the register of deeds and leaving it there to be recorded, adopted Olga's deed as her own. It must be remembered that there is no question but that Anna was competent to make the deed and no question but that she had a right to make it if she wished.

Defendants state that question as follows:

"May the validity of a conveyance be established by oral testimony of recordation by a grantor of a void deed and does such recordation without consideration therefor constitute an adoption by the grantor, resulting in a valid conveyance?"

Defendants argue that this question should be answered in the negative and the judgment reversed. Their argument is that this was adoption and not ratification, and that in order for there to be an adoption sufficient to validate a void deed there must be a good consideration for the deed at the time of the adoption. They point out that no consideration passed from the daughters to Anna at the time the trial court found she adopted the deed. Several authorities to the effect that there must be a new consideration to support adoption of a void contract are relied on by defendants.

In this case there was no contract. There was the making of a deed which grantor had the mental capacity and the right to make. Did she deliver it? The evidence is undisputed and the trial court found that Anna took the deed, with knowledge of its contents, to the register of deeds and left it there to be recorded.

In *Balin v. Osoba*, 76 Kan. 234, 91 Pac. 57, there was a question as to whether a deed had been delivered. This court said:

"It was admitted there was no actual, physical delivery of the document itself to either of the grantees. After it had been recorded it was returned to

the grantor, who has ever since retained it. Nevertheless, if the filing of the deed for record was intended by the grantor and accepted by the grantees as a constructive delivery, the law will give it that effect. It is well settled that delivery is largely a matter of intention; that a manual delivery is not necessary; that although registration may not itself constitute delivery it is a circumstance from which delivery may be inferred, and will be inferred in the absence of some sufficient reason to the contrary." (p. 236.)

See, also, *Carver v. Main*, 146 Kan. 251, 69 P. 2d 681, and cases cited there, also *Fooshee v. Kasenberg*, 152 Kan. 100, 102 P. 2d 995. As to the want of consideration, there was no more need for a consideration for the deed at the time it was adopted than when it was first made. The inference is that a gift was intended when no actual consideration was paid. See *Carver v. Main*, supra; also, *Fooshee v. Kasenberg*, supra. In this case there was the additional circumstances that the conveyance adopted by Anna was to her three daughters, to whom the conveyance might very well have been made for a consideration of love and affection. We hold that the trial court was correct in holding as a matter of law that the act of Anna Katrina Sjogren in taking the deed to and leaving it with the register of deeds for recording was an adoption by her of the signing and acknowledging of the deed by Olga Gilkison and was a delivery of the deed by Anna to her daughters.

The plaintiffs offered a number of depositions bearing on the intention of Anna in making the power of attorney. The trial court sustained an objection to their introduction. The plaintiffs filed a cross-appeal on this account and also appealed from various rulings of the trial court. In view of the conclusion we have reached on the contentions made by the defendants on their appeal, it will not be necessary to pass on this cross-appeal.

The judgment of the trial court is affirmed.