No. 38,424

Anna M. Palmer, *Appellant,* v. The Land and Power Company, a Corporation, and A. L. Newman, *Appellees.*

(239 P. 2d 960)

Opinion filed January 26, 1952.

W. R. *Martin,* of Wichita, argued the cause, and George B. *Collins, C. L. Williams, Oliver H. Hughes,* and K. W. *Pringle, Jr.,* all of Wichita, were with him on the briefs for the appellant.

Kirke W. *Dale,* of Arkansas City, argued the cause, and Donald *Hickman,* also of Arkansas City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the trial court sustaining a demurrer to plaintiff's evidence on two causes of action brought for slander of title and to quiet title in plaintiff. For purposes of clarity appellant Anna M. Palmer will be referred to as plaintiff and appellees The Land and Power Company as defendant company and A. L. Newman as defendant Newman.

Plaintiff's amended petition in pertinent part alleged her residence, that defendant company is a corporation organized and existing in this state and that defendant Newman is a resident of the state and is secretary-treasurer of the corporation; that plaintiff is the owner of the property in question; that on September 28, 1946, plaintiff and her husband entered into a written contract with defendant company for purchase of the premises for the sum of $7,000, $1,500 to be paid at the time of signing the contract and

the sum of $500 on November 1, 1947, and each year thereafter on the unpaid balance with interest, with the right to pay any part or all of the principal sum at any time before due; upon full payment of the contract, defendant company was to deliver to plaintiff and her husband a warranty deed to the premises reserving to defendant company for a period of ten years an undivided one-half interest in the minerals under the premises to be conveyed; that on August 6, 1947, plaintiff's husband entered into an oral contract with defendant company through its agent and secretary-treasurer, defendant Newman, wherein it was agreed that in consideration of full payment of the purchase price then outstanding on the contract, defendant company would convey to plaintiff and her husband the premises in question free and clear of any reservation of mineral rights described in the contract of purchase referred to; that on the same day pursuant to said oral contract, plaintiff's husband paid to defendant Newman as agent and secretary-treasurer of defendant company the full balance of purchase price then outstanding, to wit, $5,500, and defendant company through its agent Newman executed and delivered to plaintiff and her husband a joint tenancy warranty deed, a copy of which was attached, conveying the land in question free and clear of encumbrances or reservations; that plaintiff's husband died on November 6, 1947; that about December 15, 1948, plaintiff discovered an error in the description set forth in the deed and through her attorney George Templar, orally notified defendants of said misdescription and made a demand upon the defendants to correct the error; on January 7, 1949, the defendant company executed and placed on record in Cowley County, Kansas, a second general warranty deed, a copy of which was set forth, purporting to grant and convey the premises described, but reserving to the defendant company for a period of ten years from September 28, 1946, a one-half interest in the minerals under the premises conveyed, and that said defendants knowingly, willfully, maliciously, and without probable cause executed and placed on record said second general warranty deed in the office of the Register of Deeds of Cowley County, well knowing the reservations granted in the deed were a false and fraudulent claim and an encumbrance upon the premises owned by plaintiff as described; that said deed was recorded by defendants without the knowledge or consent of plaintiff; that plaintiff had refused to accept delivery of said deed and had so notified defendants in writ-

ing by letter dated October 12, 1949 (a copy of said letter being attached); and that by reason of the foregoing facts, plaintiff's title to the premises described has been slandered and defamed by defendants and each of them; plaintiff further alleged that she is entitled to actual damages and punitive damages.

Plaintiff for her second cause of action alleged she is the owner of the described property and in actual possession of the premises and more particularly of all the oil, gas and minerals thereunder; that defendant company claims an undivided interest for a period of ten years from September 28, 1946, in the minerals under the above described premises, but that such claim is false and fraudulent, inferior to and subject to the title of plaintiff.

A demand was made upon the defendants to cease and desist from claiming said interest and to release same of record, but defendants have failed and refused to withdraw their claim or release the same of record. Plaintiff asked that title be quieted in her and defendants be barred from claiming any right, title or interest therein.

Defendants in their respective answers admitted the relationship and residence of the parties, the execution of the contract of purchase, the first warranty deed conveying the property without reservation or exception, and the execution of the second warranty deed; and further alleged that through error and mistake of the scrivener of the first warranty deed, and through mutual mistake, oversight and error on the part of defendants and the plaintiff and her husband, there was erroneously and mistakenly omitted from the first warranty deed an appropriate reservation of one-half interest in the minerals under said land as provided in the contract of sale, and that through such mutual mistake and oversight it was erroneously and mistakenly prepared, executed, delivered and accepted without such mineral reservation; that when defendants discovered such error, they notified plaintiff; that defendants for the sole and only purpose of correcting said error, oversight and mistake in the description in said original deed and in omission of the reservation and exception as set forth in the contract, after consultation with and advice of counsel, did execute, record, and deliver to plaintiff the second warranty deed correcting such errors and mistakes; and defendants prayed judgment for costs. To such answers, plaintiff filed a general denial.

The testimony in support of plaintiff's petition may be narrated in part as follows: On September 28, 1946, plaintiff and her husband,

who is now deceased, purchased the land in question from defendant company under a contract calling for yearly payments of not less than $500 over a period of several years. The contract of purchase gave plaintiff the right to pay all or any part of the agreed yearly payments in advance and reduce the interest accordingly. Upon full payment the defendant company was to deliver to plaintiff and her husband a warranty deed to the premises in question reserving in the defendant company an undivided one-half interest in the minerals thereunder for a period of ten years. This contract was placed of record. Defendant Newman as secretary-treasurer of defendant company carried on the negotiations for sale of the property. Plaintiff and her husband made several advance payments on the purchase price the first year and thus the contract was never in default. In the month of August, 1947, as a result of a visit to his office by Ernest Palmer, plaintiff's deceased husband, George Templar—who for a considerable time had acted as attorney in various matters for the Palmers—called defendant Newman and told him that Palmer wanted to see Newman about whether he could pay off the contract on the land involved and was told by Newman to have Palmer come to see him. On August 6, 1947, less than a year from the time of execution of the contract, the balance due under the contract was paid by the Palmers and a warranty deed was executed by defendant company conveying the premises to the plaintiff and her husband, which deed was an absolute deed reciting a valuable consideration of the sum of $7,000, the receipt of which was acknowledged, and the defendants therein did grant, bargain, sell and convey to plaintiff and her husband the land described therein which is the subject of this action; that defendants agreed to warrant and defend the title thereto and that the same was free and clear of all encumbrances without exception or reservation. Said deed was prepared by defendants and delivered to Mr. Templar, attorney for plaintiff and her husband, for his approval; after approval, said deed was recorded by Mr. Templar and sent to his clients, the Palmers.

Ernest Palmer, husband of plaintiff, who had carried on all negotiations leading to the contract of purchase, died on November 6, 1947. In the settlement of his estate, it was discovered that there had been an error in the description of the land conveyed by the original deed of August 6, 1947, as above set forth, from the defendant company, and that the same mistake appeared in the

contract of purchase. The mistake involved only a part of the land described in that Lot 1 was included instead of Lot 3. This suspected error was confirmed by an inspection of the official plat by Mr. Templar, attorney for plaintiff, and defendant Newman. Later, in the year 1948, Mr. Templar approached defendant Newman and asked for a corrective deed describing Lot 3 rather than Lot 1 as a part of the land conveyed. At the first conversation concerning the correction, no mention was made by defendant Newman of any failure to reserve mineral rights as set forth in the original contract of purchase. However, after defendant Newman had confirmed the mistake concerning Lots 1 and 3, he informed Mr. Templar, attorney for plaintiff, that he would have his attorneys prepare another deed correctly describing the land, but that he would include in this corrective deed a mineral reservation as provided in the original contract of purchase; whereupon Mr. Templar informed defendant Newman that Ernest Palmer, deceased husband of plaintiff, had told him that the defendant company had agreed to waive the mineral reservation in the original contract if Palmer would pay the contract off in 1947; Newman replied there was nothing to that. Subsequently a warranty deed was prepared by defendants and submitted to Mr. Templar, which deed contained the reservation of one-half interest in the minerals. Mr. Templar, attorney for plaintiff, refused to accept or approve the deed because it contained such reservation and again informed defendant Newman that the deed was unsatisfactory and unacceptable, the Palmers having always insisted to him that defendant company had agreed to waive the right to reserve an undivided one-half interest in the minerals, as called for in the contract of purchase, if full payment was made in 1947. Notwithstanding rejection of this deed by plaintiff's attorney, defendants caused the warranty deed to be filed of record about January 7, 1949, which deed in addition to correcting the description, as agreed upon, reserved a one-half interest in the minerals to the defendant company, and contained the provision that no consideration was paid therefor by either party; said deed was filed of record without the knowledge of plaintiff or her attorney. Defendants paid the recording fee for the deed and then mailed the original recorded instrument to the plaintiff, stating it was the deed which her attorney requested. The evidence discloses plaintiff's attorney had refused to approve or accept the second deed. At the time this second deed was filed of record,

January 7, 1949, there was a certain oil play in the vicinity of the land in question; an acreage was being blocked for the purpose of later drilling for oil and gas; defendant Newman was advised of these operations in September, 1948, by one Mr. Wagner who was thereafter engaged in leasing for the intended development. There were introduced in evidence matters which were of record including the original contract of sale and purchase made between the parties to this action; the first warranty deed executed by defendants to plaintiff and her husband on August 6, 1947, conveying the property without reservations; the subsequent deed, designated corrective, filed for record by defendants on January 7, 1949; and a letter written by defendant Newman dated January 20, 1949, transmitting the second deed after its recording.

Upon presentation of the facts, plaintiff rested her case. Defendants interposed a demurrer on the ground that plaintiff's evidence failed to prove the causes of action against them. The court, after hearing the argument, sustained the demurrer to plaintiff's evidence. From that ruling, plaintiff appeals and asserts that the court erred in sustaining the demurrer to their evidence.

At the outset it may be stated that we are called upon to review the sufficiency of plaintiff's evidence as against defendants' demurrer and not to weigh the evidence for the purpose of rendering a decision on the merits of the action. In testing the sufficiency of plaintiff's evidence as against the demurrer we shall follow the often repeated rule of this court that we will under a liberal construction consider all the plaintiff's evidence as true, consider that favorable to plaintiff together with all reasonable inferences to be drawn therefrom, and disregard that unfavorable to plaintiff, and will not weigh any part that is contradictory nor weigh any differences between direct and cross-examination. If so considered, there is any evidence which sustains plaintiff's case, the demurrer should be overruled. (*McCracken v. Stewart*, 170 Kan. 129, 223 P. 2d 963; *Fry v. Cadle*, 171 Kan. 14, 229 P. 2d 724; *Revell v. Bennett*, 162 Kan. 345, 176 P. 2d 538; *Staab v. Staab*, 160 Kan. 417, 163 P. 2d 418; *In re Estate of Bond*, 158 Kan. 776, 150 P. 2d 343; *Cain v. Dieter*, No. 38,530, ante page 359, this day decided; and cases cited in the foregoing opinions.)

The trial court in ruling on the demurrer seemed to place much stress on the written contract of purchase which was made a part of the petition, and concluded that there was no testimony of any

oral agreement modifying its terms, and that there was no consideration for its modification. It must be remembered that the plaintiff's action is one for slander of title and to quiet title; that the original contract was a matter of record, and that the second deed was placed of record by defendants over the objections and without the consent of the plaintiff. The plaintiff did not bring an action to reform an instrument; that is a matter of defense set up by defendants. All the parties admit the execution of the contract and the first warranty deed. Consideration or lack of it has not been pleaded by the defendants and apparently, as far as this record is concerned, was not before the court. As against the demurrer, the plaintiff was entitled to all inferences and presumptions favorable to her.

It is a general rule of law applicable to all contracts, including deeds, that prior stipulations and agreements are merged in the final and formal contract or deed executed by the parties. When a deed is delivered and accepted as performance of a contract to convey, the contract is presumed to be merged in the deed. So in the instant case, when the original warranty deed was prepared by the defendants conveying to this plaintiff and her husband the property in question free and clear of all encumbrances and containing no provisions for a reservation of one-half interest in the minerals, the inference is that that provision in the contract was waived and superseded by the deed. (*Hampe v. Higgins,* 74 Kan. 296, 85 Pac. 1019; *Read v. Loftus,* 82 Kan. 485, 491, 108 Pac. 850; *Baker v. Custer,* 121 Kan. 383, 247 Pac. 843.) It has been held that articles of agreement for the conveyance of land are in their nature executory and the acceptance of a deed in pursuance thereof is to be deemed prima facie an execution of the contract and the agreement thereby becomes void and of no further effect. (84 A. L. R. 1008, 1015n; 26 C. J. S. 340 et seq.)

Next, as to the court's contention that there was no consideration, G. S. 1949, 16-107 provides:

"All contracts in writing, signed by the party bound thereby, or his authorized agent or attorney, shall import a consideration."

In view of this statute, plaintiff was entitled to the presumption that when the original deed was executed following the contract of purchase, a consideration was imported. It may be noted that defendants did not plead failure of consideration either in the making of the contract or deed; their only defense was that there was a mutual mistake between the parties in not including the mineral reserva-

tion in the original deed. Where the validity of a deed duly executed and recorded is called into question for want of consideration, undue influence exerted over the grantor, failure of delivery, or *the existence of a contract concerning the same,* such matters must be established by satisfactory and convincing evidence by the party making such allegation before the deed can be held invalid, and if either want of consideration or failure of delivery is a matter relied upon, the presumption in connection therewith must also be overcome by evidence. (*Carver v. Main,* 146 Kan. 251, 69 P. 2d 681.)

Want of consideration is an affirmative defense. G. S. 1949, 16-108 provides:

> "The want or failure in the whole or in part, of the consideration of a written contract, may be shown as a defense, total or partial, as the case may be, in an action on such contract, brought by one who is not an innocent holder in good faith."

The presumption of consideration is not a presumption of law, it is a presumption of fact. It extends to any fact which under the situation and circumstances of the parties might reasonably supply a consideration, and it cannot be overthrown except by proof of facts warranting the inference of no consideration of any kind. It is always an affirmative defense, and may not be inferred or presumed. (*Carver v. Main,* supra; and cases therein cited; *Chisholm v. Snyder,* 145 Kan. 573, 66 P. 2d 606.)

Plaintiff's evidence presented first, a general warranty deed from defendants to plaintiff and her husband reciting a valuable consideration and conveying the premises in question free and clear of all encumbrances without reservations of any kind; the deed was filed of record; subsequently a minor error was discovered in the description which error defendants admit; a deed correcting the description was requested by plaintiff and defendants agreed to furnish such deed; in furnishing said deed defendants inserted therein a mineral reservation not included in the former deed; plaintiff refused to accept the deed containing the reservation and so notified defendants; defendants over plaintiff's protest recorded said deed, paying the recording fee therefor, and subsequently forwarded the recorded deed to plaintiff; plaintiff again demanded of defendants that they release such deed of record, which demand was refused; and this action was brought asserting slander of title and asking that title be quieted in plaintiff. Assuming the truth of all the evidence standing alone, and giving it the benefit of all inferences

and presumptions to which it is entitled, it cannot be said as a matter of law that the evidence was not sufficiently clear and satisfactory to withstand a demurrer.

In view of what has been said, the case is reversed and remanded to the lower court with instructions to overrule the demurrer and proceed in accordance with the views herein expressed.