No. 39,026

Sybil Gertrude Hansen, *Appellee*, v. Agnes Walker, *Appellant*.

(259 P. 2d 242)

Opinion filed July 6, 1953.

*Sylvan Bruner, L. M. Resler, Morris Matuska* and *Don Musser*, all of Pittsburg, were on the briefs for the appellant.

*Ben W. Weir*, of Pittsburg, argued the cause, and *H. Gordon Angwin*, of Pittsburg, was with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action in ejectment and to recover possession of certain real estate brought by the plaintiff, Sybil Gertrude

Hansen, against her mother, Agnes Walker, defendant. Plaintiff recovered and defendant appeals, contending that the findings and decision of the trial court were contrary to and not supported by the evidence. A brief summary of the evidence supporting plaintiff's claim is as follows:

Defendant Agnes Walker and her husband, W. V. Walker, were the owners of a residence in the city of Pittsburg. On March 19, 1943, they made and executed a quitclaim deed in consideration of $1, love and affection, conveying the described residential property to their daughter, Sybil Gertrude Hansen, plaintiff herein. The deed contained no reservation in the grantors. It was duly acknowledged and filed of record by the defendant, February 4, 1944, after which she retained possession.

Plaintiff's husband, being in the military service, left for overseas duty. Defendant called plaintiff at her home in Kansas City some time prior to February 4, 1944, and told her that she was giving her the house in Pittsburg. Pursuant to that call, plaintiff moved into the house, took possession and proceeded to make necessary repairs, such as adding a new roof and some windows, painting the house, rebuilding a chimney, bracing the dining room and the center of the house, installing a hot water system, electrical wiring, and landscaping the premises. Insurance policies were assigned to her by the defendant. Plaintiff paid the premiums thereon, and the taxes on the real estate at all times thereafter. On a number of occasions, defendant told plaintiff she had deeded the property to her and that it was hers. Plaintiff continued to occupy the premises as her homestead without the slightest interference from defendant until September 1, 1951, when plaintiff's husband after returning from military service was temporarily called to Kansas City for training in his new employment. At that time, plaintiff listed the property with a realtor in Pittsburg at an agreed rental of $50 per month and turned the keys over to him. After plaintiff's departure for Kansas City, defendant had inserted in the previously recorded quitclaim deed the following provision:

"The above named grantor Agnes Walker reserves a life estate in and to the above described real estate and reserves for herself all the rights, issues and profits to the above described real estate for and during her natural life."

She presented the deed for re-recording on September 14, 1951, and forcibly took possession of the premises, which resulted in the plaintiff bringing this action in ejectment.

We do not feel it necessary to make an exhaustive review of all the evidence presented at the trial in the court below. The only requirement upon us is to determine if there is sufficient evidence to sustain the findings of the trial court on the issues involved. (*In re Estate of Haugh,* 174 Kan. 278, 255 P. 2d 652.)

Defendant contends that plaintiff paid no consideration for the original executed deed recorded by defendant February 4, 1944, nor was there any delivery or acceptance of such deed. G. S. 1949, 16-107 provides:

"All contracts in writing, signed by the party bound thereby, or his authorized agent or attorney, shall import a consideration."

In view of the statute, plaintiff was entitled to the presumption that when the original deed was executed, a consideration was imported. Where the validity of a deed duly executed and recorded is called into question for want of consideration, or failure of delivery, such matters must be established by satisfactory and convincing evidence by the party making such allegation before the deed can be held invalid, and if either want of consideration or failure of delivery is a matter relied upon, the presumption in connection therewith must also be overcome by evidence. (*Palmer v. The Land & Power Co.,* 172 Kan. 231, 237, 238, 239 P. 2d 960; *Carver v. Main,* 146 Kan. 251, 69 P. 2d 681.) The presumption of consideration is not a presumption of law, it is a presumption of fact. It extends to any fact which under the situation and circumstances of the parties might reasonably supply a consideration, and it cannot be overthrown except by proof of facts warranting the inference of no consideration of any kind. Want of consideration is always an affirmative defense, and may not be inferred or presumed. (*Palmer v. The Land & Power Co.,* supra.) (p. 238.)

The deed in the instant case recited a consideration of $1, love and affection. The evidence disclosed that there was great affection between the plaintiff and defendant at all times up until September, 1951. Be that as it may, we have held that where a transfer of property is made without consideration, the inference is that a gift was intended, not that the grantee was to hold the property for the benefit of the grantor. (*Fooshee v. Kasenberg,* 152 Kan. 100, 102 P. 2d 995.) The evidence in this case clearly discloses by the telephonic conversation between the plaintiff and the defendant prior to February, 1944, that defendant was giving the property to the plaintiff. In any event, there was ample evidence for the court to

base a finding that the defendant and her husband were presenting the property to their daughter as a gift.

Defendant further contends that inasmuch as she retained possession of the recorded deed, there was no delivery. We stated in *Fooshee v. Kasenberg,* supra, at page 103:

"It is well settled that the recording of a deed constitutes delivery to the grantee. (*Balin v. Osoba,* 76 Kan. 234, 91 Pac. 57; *Carver v. Main,* 146 Kan. 251, 257, 69 P. 2d 681.) Where the deed is intentionally recorded by the grantor manual delivery of the deed thereafter is not necessary to make it effectual. (*Turner v. Close,* 125 Kan. 485, 264 Pac. 1047.) In the absence of express disclaimer acceptance by the grantee is presumed. (*Wuester v. Folin,* 60 Kan. 334, 56 Pac. 490; *Miller v. Miller,* 91 Kan. 1, 136 Pac. 953.)"

It seems to be a well-settled rule of law in this state that the recording of a deed constitutes delivery to the grantee, and where the deed is intentionally recorded by the grantor, the manual delivery of the deed thereafter is not necessary to make it effectual. In the absence of express disclaimer, acceptance by the grantee is presumed. (*Turner v. Close,* 125 Kan. 485, 264 Pac. 1047; *Fooshee v. Kasenberg,* supra, and cases therein cited.) In the instant case, there was an acceptance. Plaintiff took possession in 1944, and made valuable improvements, paid taxes and insurance and kept possession until 1951, when the defendant forcibly took possession.

Defendant asserts that she intended to reserve a life estate in the premises conveyed, and that she changed the recorded deed to reflect such intention, then placed the same of record the second time. We are of the opinion that a grantor cannot alter the nature and amount granted by altering the original deed after it has been executed and delivered, and then place the same of record the second time. The general rule is stated in 3 C. J. S. 919, Alteration of Instruments, § 16 b:

"After a deed has been delivered and recorded the grantor has no right to alter it, as nothing that he can do can change the effect of the instrument. . . ."

To the same effect is 2 Am. Jur. 603, 604, Alteration of Instruments, § 10:

"In accordance with the principle that no one will be permitted to take advantage of his own wrong, the grantor or obligor in an instrument executed and delivered cannot defeat the operation of such instrument by subsequently obtaining possession thereof and altering or destroying the same without the knowledge or consent of the party or parties claiming thereunder. . . . The general rule that one making a material alteration in an instrument cannot

claim any benefit thereunder applies to a grantor or obligor, and an unauthorized alteration in a deed by the grantor will defeat reservations and conditions therein for his benefit."

It follows that the addition of the reserving clause placed in the deed by the defendant had no force and effect.

In conclusion, it may be stated that the judgment of the trial court is amply sustained by the evidence and that the defendant wholly failed to sustain the burden of proof incumbent upon her to show that the deed was without consideration and had not been delivered or accepted by the plaintiff. It follows that the judgment of the lower court is affirmed.