No. 40,885

Jason E. Lowdermilk, Roy L. Lowdermilk, Leila Whittley, Maude Sowers, Laura Lowdermilk, Carson Lowdermilk, Lester Lowdermilk, Pearl Worley, and Alma Lowdermilk, *Appellees*, v. Lawrence Lowdermilk, also known as Lawrence H. Lowdermilk, *Appellant*.

(326 P. 2d 248)

Opinion filed June 7, 1958.

*Don W. Noah*, of Beloit, argued the cause and *Ralph H. Noah*, of Beloit, was with him on the briefs for the appellant.

*R. L. Hamilton*, of Beloit, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This was an action to partition real estate in equal shares among living children of a deceased testate father, and to set aside a deed executed and delivered by the widow of such decedent, during her lifetime, to the defendant Lawrence Lowdermilk, also a child of the father, on grounds that instrument was wholly void as being without consideration and executed at a time when the grantor had no legal right to convey the property therein described. The defendant Lawrence Lowdermilk appeals from the judgment setting aside the deed in question and decreeing

partition of all real estate involved in the action in equal shares among the living children of the deceased father.

In passing it should be stated that Alma Lowdermilk, one of the living children, was also a party defendant but took no appeal from the judgment. On that account, and in the interest of brevity, all subsequent mention to the defendant and/or appellant will have reference to Lawrence.

A historical review of the facts giving rise to this controversy and a résumé of the events and proceedings following commencement of the action are essential to a proper understanding of the issues involved in the case. For that reason those matters will be outlined as briefly as the state of the long and confusing record presented permits.

Leander Lowdermilk, a resident of Mitchell County and the owner of 280 acres of land, located in such county, died on November 18, 1933, leaving a last will and testament. Such will was admitted to probate and final settlement of the decedent's estate was made in the probate court of Mitchell County in accord with the terms of that instrument, the pertinent portions of which read:

"First—And after all my lawful debts have been paid and discharged, I give and bequeath unto my beloved wife Louetty [Louetta] Lowdermilk, all my property both real and personal, she to have all rents and profits arising and accruing therefrom, during her life time, giving to her the right to rent, mortgage, deed or convey as she deems necessary for her support and maintainance, and after her death if any property remains, I give and bequeath the residue of my property both real and personal to my beloved children, Leila Whittley, Jason E. Lowdermilk, Maude Sowers, Pearl Worley, Carson Lowdermilk, Lester Lowdermilk, Roy Lowdermilk, Lawrence Lowdermilk, Laura Lowdermilk and Alma Lowdermilk, share and share alike."

At the time of his father's death the defendant was living with Leander and Louetta and farming a part of the family land. Thereafter, and for several years, he continued to live in the home and farm all the land.

On February 16, 1943, Louetta deeded Lawrence, without any reservations, eighty acres of land left by Leander. The family home was located on this tract and the deed specifically recited that it was executed in consideration of the sum of $1.00. Lawrence recorded this deed on September 9, 1943.

Later, and on October 7, 1946, in an obvious attempt to show consideration for the foregoing transaction, Lawrence and Louetta

executed a written agreement reciting consideration of the deed was that (1) Lawrence should look after and take care of Louetta so long as she should live; (2) that she should be entitled to receive in her own right and for herself all the rents and profits of the land so long as she should live; (3) that she should be permitted to use said premises for her home so long as she should live; and (4) that Lawrence waived any and all right, title and interest in and to any rights of inheritance in the remaining lands and property, both real, personal and mixed of Louetta and Leander, deceased. Such contract was filed for record by Lawrence on November 3, 1946.

Lawrence was married on the date last above mentioned. After his marriage he moved from the home and no longer lived with his mother. However, he continued to farm the entire 280 acres, retained his holdings in the livestock, in most of which he had a two-thirds interest, and was at the home place in the evenings and mornings to do chores and at noon when he was farming.

Louetta took sick on March 4, 1952. Thereafter she stayed at Lawrence's home for four days and was then taken to the hospital where she remained for a couple of weeks. Upon leaving the hospital she was taken to the home of her daughter, Laura. Later she was moved to a nursing home in Beloit. In March, 1954, she again returned to the hospital. During this stay at the hospital she was declared incompetent and Tweed W. Ross, an attorney of Beloit, was appointed her guardian, and thereafter he paid all the bills for her care. At the time of his appointment she had over $1,400 in the bank and $1,700 worth of cattle. Upon leaving the hospital the second time Louetta was placed in a nursing home at Cawker City, remaining there, or in some other nursing home, until she died on March 1, 1956.

Plaintiffs commenced this action on May 23, 1956. Their petition is not abstracted, hence we assume it contained two causes of action, one to set aside the deed and the other to partition all real estate involved. Defendant then moved to separately state and number the several causes of action. Again, because of failure to abstract the motion, we assume it was premised on the theory plaintiffs had pleaded two causes of action in one for setting aside the deed. In compliance with an order sustaining the motion plaintiffs filed an amended petition purporting to contain three causes of action.

In the first cause of action plaintiffs described the 280 acres of real estate owned by Leander on the date of his death; allege that under the terms of his will such decedent gave Louetta a life estate in that real estate with remainder to his children; and assert that such children owned an undivided one-tenth interest in such property and that it was susceptible of being partitioned.

In the second cause of action plaintiffs recite the conditions and circumstances under which the deed to the eighty acres of real estate, heretofore mentioned, was executed and delivered to Lawrence by Louetta; assert that such deed was wholly without consideration and that she had no right to convey the property therein described; aver that such deed was void and should be vacated and set aside; and allege that at the time of the execution thereof she had ample funds in her name and in her possession to take care of her and was not in need.

In the third cause of action plaintiffs assert that after execution of the deed, and as a purported consideration for the same, defendant entered into the agreement, to which reference has been heretofore made, with Louetta, whereby he agreed to look after and take care of her as long as she should live; allege that defendant never cared for his mother either before or after the execution of the deed; and charge that after execution of the agreement he wholly failed and neglected to care for her during the rest of her life or to carry out the terms and conditions of that instrument.

Defendant filed a long and complicated answer and cross-petition to the petition. Highly summarized it may be stated the first portion of the answer, directed at the first cause of action, admits the will in question and that it was fully probated but denies that any of the living children of such testator, other than defendant, have any right, title or interest in the eighty acre tract in question. The second, directed at the second cause of action, alleges execution and delivery of the deed in question; asserts that after the death of Leander defendant stayed with and cared for his mother; avers that at the time of and ever since its execution such deed has been a valid and subsisting deed for such property; charges such cause of action is stale, barred by laches and by the statute of limitations; and alleges that to uphold plaintiffs' contentions and partition such tract of real estate would be inequitable since plaintiffs have not done equity or tendered compensation for the years of service performed by defendant. The third, directed at the third cause of

action, alleges that the agreement in question was without consideration and ambiguous but even if found to be valid was substantially complied with by the defendant and should be enforced; and charges that such cause of action is barred by laches and the statute of limitations.

In his cross-petition defendant makes all allegations of his answer a part thereof, alleges that he is the owner of the eighty acre tract in question, and asserts that his title therein should be quieted as against all adverse parties to the action.

In their reply and answer to the answer and cross-petition plaintiffs join issue on all questions and claims made by defendant in his answer and deny generally the allegations of his cross-petition.

With pleadings as heretofore related the cause came on for trial by the court. Plaintiffs then adduced their evidence and rested. Thereupon defendant orally moved to require plaintiffs to elect as between their causes of action two and three. Defendant also demurred to plaintiffs' evidence on the ground it failed to show facts sufficient to constitute a cause of action. Upon the overruling of the motion and the demurrer defendant adduced his evidence and rested. Plaintiffs then announced they did not desire to offer any rebuttal testimony. Whereupon the parties were given time in which to file requested findings of fact and conclusions of law. Following submission of such requests the trial court made its own findings of fact and conclusions of law which were subsequently amended in particulars which cannot be said to have complied with objections made to the original findings and conclusions. Defendant then filed a motion for a new trial which was overruled. Thereafter judgment was rendered, in accord with the amended findings and conclusions, setting aside the deed to the eighty acres and decreeing partition of all real esate involved in the action as prayed for in the petition. This appeal followed.

Appellant's first contention is that the second and third causes of action, set forth in the amended petition, are inconsistent and that the trial court erred in overruling his motion to require appellees to elect as to which of such causes of action they were relying upon as grounds for setting aside the deed. In support of his position on this point he relies upon our decisions (see, *e. g.*, *Taylor v. Robertson Petroleum Co.*, 156 Kan. 822, 137 P. 2d 150; *Davidson v. McKown*, 157 Kan. 217, 139 P. 2d 421; *Federal Savings & Loan Ins. Corp. v. Urschel*, 159 Kan. 674, 157 P. 2d 805), holding

that under the doctrine of election of remedies, a plaintiff who comes into court with a petition containing causes of action based upon inconsistent theories may be required to elect upon which one of the inconsistent positions so asserted by him he relied on as a basis for the relief he seeks to obtain. We have no quarrel with the rule of such decisions. Where asserted remedies are inconsistent they have application. However, it must be remembered that election goes not to the form, but to the essence of the remedy. (*Sweet v. Bank*, 69 Kan. 641, 643, 77 Pac. 538; *Ireland v. Waymire*, 107 Kan. 384, 386, 191 Pac. 304; *Taylor v. Robertson Petroleum Co.*, supra, Syl. ¶¶ 3, 4, 5, and page 827.) Here, assuming the trial court's action in requiring appellees to separately state and number what now appears in the amended petition as cause of action number three was proper, which we doubt, it is clear from a careful analysis of the amended petition, appellees are relying upon a single claim for relief under the allegations of causes of action Nos. two and three. Such claim is that, under the existing facts and circumstances, Louetta had no legal right to convey the home place to appellant as a gift and the deed purporting to convey such property to him was void and should be set aside, notwithstanding and irrespective of the terms and provisions of the subsequent agreement, executed by appellant and Louetta some three years after the date and delivery of the deed. Under such circumstances it cannot be successfully argued that causes of action two and three are predicated upon inconsistent theories or positions and the doctrine of election of remedies has no application.

The second claim of error advanced is that the trial court erred in overruling appellant's separate demurrers to appellees' evidence as to each cause of action.

An approach to this question calls for consideration of the provisions of the pertinent portions of Leander's will as heretofore quoted. With respect to Louetta those provisions are so definite and certain as to require little if any construction. In our opinion they mean exactly what they say, *i. e.*, that she was given a life estate in all the involved real estate with limited power of disposition to rent, mortgage, deed or convey as she deemed necessary for her support and maintenance. Assuming some ambiguity exists in the devise to the children provisions relating thereto must be construed as meaning that the remainder was devised to them in fee, subject to defeasance by exercise of the limited power of dis-

posal. We have so held in cases where similar testamentary provisions were involved. See *Beall v. Hardie,* 177 Kan. 353, 279 P. 2d 276, where it is held:

"Where a joint and contractual will provided that upon the death of either spouse therein, any and all property left by the deceased should come into the possession and be the sole and absolute property of the surviving spouse, however giving to the surviving spouse the right to sell any of the property upon his or her wish or desire, with remainder over to the children, *held,* that such devise vested in the surviving testator a life estate with the added power to sell any portion thereof, remainder to the children." (Syl. ¶ 3.)

And in the opinion said:

"The fact that a testator who devises or bequeaths property to one for life, the remainder to another, gives the life tenant a power to dispose of the property, so that there is a possibility, undetermined until the termination of the life estate, that the property will not in fact be available to the remainderman, does not make the remainder contingent, but leaves it vested, subject to defeasance by the exercise of the power." (p. 358.)

For other decisions of like import see, *e. g., Buxton v. Noble,* 146 Kan. 671, 73 P. 2d 43; *Tretbar v. Aged Ministers Home,* 180 Kan. 18, 21, 299 P. 2d 58.

With the will construed as above indicated we have no difficulty in concluding that Louetta had no legal right to make an outright gift of all or any part of the involved real estate and that as against the remainderman any deed executed by her for that purpose would be wholly void. A review of the record discloses evidence by appellees to the effect the deed to Lawrence for the eighty acres in controversy was executed and delivered for that purpose. In the face of that evidence it cannot be successfully argued appellees' evidence failed to show facts sufficient to constitute a cause of action for setting aside the deed and partition of all real estate involved, including the eighty acre tract. In that situation, and under the circumstances heretofore mentioned with respect to the state of the pleadings, the trial court's action in overruling appellant's demurrers to the evidence adduced in support of appellees' three causes of action as pleaded was proper and must be upheld.

Heretofore we have indicated the all decisive issue involved in this lawsuit is whether Louetta executed and delivered the deed to the eighty acre tract as a gift or for purposes deemed by her to be necessary for her support and maintenance and held that such deed would be void if made as a gift conveyance. We therefore turn to the record for evidence pertaining to that question. There was,

as we have previously stated, evidence in appellees' case in chief, which we pause here to note was not objected to in the court below and is not here in question, to the effect Louetta had given Lawrence the eighty acres. In addition there was testimony which, if believed, would warrant a conclusion he had never cared for his mother either before or after the execution of the deed, also evidence that at the time of the execution of that instrument she was not in need of or short of funds. In fact one of the sons testified that on January 5, 1943, a little more than a month prior to the execution of the deed, he had paid a note to his mother with interest, amounting to $1,442. This witness, as well as others, testified that at or about that time Louetta also had cattle, pigs and chickens of her own, as well as a third interest in some, if not all, of the cattle owned by appellant. Several witnesses testified that Louetta gave appellant a notice to get off the place in 1947. More than that, appellees introduced the contract, executed some three years after the deed was executed, in evidence. It may be stated this instrument, although purporting to establish consideration for the deed was that Lawrence would look after Louetta so long as she should live, contained other provisions supporting a conclusion that the delayed explanation as to consideration for the deed was in reality an afterthought and what the parties actually had in mind and were trying to do was to divide up the real estate left by Leander among the children contrary to the terms and provisions of his will. So much for appellees' evidence on the point now under consideration.

Strange as it may seem, a thorough examination of the testimony of appellant's witnesses, one of whom was the scrivener of the deed and another the appellant himself, fails to disclose any evidence to the effect appellant paid or agreed to pay any consideration whatsoever for the eighty acres. Indeed, it should be stated, the only evidence of record which, in any way, tends to refute appellees' evidence is the deed reciting a consideration of $1.00 and recitals in the contract to which we have previously referred.

Faced with evidence such as has been heretofore related the trial court made extensive findings of fact which, as we interpret them, must be construed as containing over-all findings to the effect the deed was executed and delivered by Louetta for the purpose of consummating a gift to appellant of the real estate therein described.

The essence of all contentions advanced with respect to findings

of the character just mentioned is that they are not supported by evidence. No rule is better established in this jurisdiction than the one that, when supported by competent evidence, a trial court's findings of fact will not be disturbed on appellate review even though the record discloses some evidence which, if such court had seen fit to believe it, might have warranted the making of findings to the contrary. For numerous decisions where this rule is recognized and applied see Hatcher's Kansas Digest [Rev. Ed.] Appeal & Error, §§ 507, 508; West's Kansas Digest, Appeal & Error, §§ 1010[1], 1011[1].

From our extended examination of the record we have no difficulty in concluding the evidence previously mentioned is sufficient to support the findings heretofore made by the trial court. Therefore, under the rule to which we have just referred, such findings must be accepted and cannot be disturbed.

Based on the foregoing findings the trial court concluded, among other things, that as a matter of law Louetta was not empowered to deed or convey the real estate in question as a gift; that appellant had no rights under the deed; that such deed was of no effect and should be set aside; and that appellees were entitled to partition as prayed for in their petition. It then rendered judgment accordingly. In view of the findings respecting the factual issues governing a decision of what we have held to be the decisive appellate issue involved we are convinced the foregoing conclusions of law were proper and that the trial court did not err in its judgment.

In conclusion it should be stated that in the face of the record presented this case has already received more attention in this opinion than its merits deserve. For that reason, several claims of error advanced by appellant have not been mentioned or discussed. It suffices to say that after giving all such claims careful consideration the court has concluded none of them permits or warrants a reversal of this judgment or the granting of the motion for a new trial.

The judgment is affirmed.