No. 46,335

ERNEST KLOOZ, Administrator C. T. A., *Appellee*, v. DENSIL COX,
VERONA COX, et al., *Appellants*.

(496 P. 2d 1350)

Opinion filed
May 6, 1972.

*Winton A. Winter*, of Lawrence, argued the cause, and *Robert W. Green*,
also of Lawrence, was with him on the brief for the appellants.

*George K. Melvin*, of Lawrence, argued the cause and was on the brief for
the appellee.

*Per Curiam:* Erman Clinton Wade and Wilma E. Wade, his
wife, executed a joint and mutual will, which we found was con-
tractual in *In re Estate of Wade*, 202 Kan. 380, 449 P. 2d 488.
After Erman's death, Wilma deposited $8,000.00 in the Capitol
Federal Savings & Loan Association at Lawrence, Kansas, regis-
tered in the name of Mrs. Wilma Wade or Densil Cox, as joint
tenants with rights of survivorship and not as tenants in common.
She also deposited $5,000.00 in the Lawrence Building & Loan
Association in the name of Mrs. Wilma Wade and Verona Cox
and Densil Cox, as joint tenants with rights of survivorship and
not as tenants in common.

After Wilma's death, her administrator filed suit against Densil
Cox, Verona Cox, and the two associations, claiming the two
accounts were assets of the estate of Wilma Wade. The defendants,
Densil Cox and Verona Cox, appeal from an adverse ruling of
the trial court.

Defendants present two theories on appeal: (1) The accounts
were created for good and sufficient consideration; and (2) the
contractual will gave the survivor an unrestricted right to dispose
of the property.

The trial court held the two joint tenancy accounts created by
Wilma E. Wade were gifts, and that good and sufficient consider-
ation was not given by the defendants Cox to Wilma E. Wade for
creation of the accounts. It is the function of the trial court to hear
the evidence and make findings of fact. If the findings are supported
by competent substantial evidence we cannot disturb the findings

on appeal. (*Jensen v. Jensen*, 205 Kan. 465, 470 P. 2d 829.) We have no difficulty in finding evidence in the record to support the trial court's findings.

The Wade will provided:

" 'First, That in the event of the death of one of the above named Testators all property, both Real estate, Personal, all moneys or any other values tangible or intangible shall be the sole property of the one who survives. To be used at their own discretion.' " (*In re Estate of Wade*, supra, p. 382.)

From this language, defendants argue that the will should be construed to mean there was no restriction on the right to dispose of property received by Wilma E. Wade from her husband or owned by her individually. Language in a contractual will defining the powers and rights of the survivor as to property affected by the will and in his hands, must be subordinated to the basic purposes of the contract.

We considered this question in *In re Estate of Buckner*, 186 Kan. 176, 348 P. 2d 818. The will read:

" 'After the death of either of us, the survivor shall have the right and privilege of selling, mortgaging and disposing of any property coming to him or her by the terms hereof, without restrictions of any kind, . . .' " (p. 179.)

We held that this provision in a contractual will did not permit the survivor to make gifts and deeds without consideration.

The contractual will in *In re Estate of Tompkins*, 195 Kan. 467, 407 P. 2d 545, contained a similar provision. It read:

" 'Second. All property, whether jointly or separately held and whether real or personal owned by either of us is hereby devised and bequeathed to the survivor, with the right of disposal.' " (p. 469.)

We held that the phrase "with the right of disposal" as used in this will does not authorize the survivor to "give" property away.

The judgment is affirmed.