No. 46,863

JAMES E. NOEL, EDWIN F. NOEL, PAUL B. NOEL, IVAN NOEL, a/k/a J. IVAN NOEL and as IVAN J. NOEL, JOAN BELL, DELBERT ROY ELLIS and REBECCA BAKER, *Appellants,* v. HELEN M. NOEL, W. RALPH LONG and M. MARGARET LONG, et al., *Appellees and Cross Appellants,* v. GRAINFIELD TELEPHONE COMPANY, *Cross-Appellee.*

(512 P. 2d 824)

Opinion filed July 14, 1973.

*Douglas C. Spencer,* of Oakley, argued the cause, and *Corwin C. Spencer,* also of Oakley, was with him on the briefs for the appellants and cross appellee.

*E. Charles Hageman,* of Stockton, argued the cause and was on the brief for the appellees and cross appellants.

The opinion of the court was delivered by

FOTH, C.: The primary issue in this case is whether a conveyance of land by a life tenant was authorized by the power of sale given to him by the will under which he acquired his life estate.

The life tenant, Floyd K. Noel, was for many years married to Phyllis N. Noel, and when Phyllis died in December, 1957, they had five adult sons. Her will, which was a joint and mutual will with her husband Floyd, contained the following pertinent provisions:

"ITEM TWO. We hereby give, devise and bequeth [sic] to the survivor of us all our property, real and personal to have for and during the term of life of the survivor of us with full power and authority to sell all or any part of the same as shall be thought necessery [sic] by such survivor for the comfort and necessities of such survivor and such survivor shall not be required to ask any court for authority to do so.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .
.  .  .  .  .  .  .  .  .  .  .  .  .  .  .
.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"ITEM SIX. We hereby give, devise and bequeath all the remainder of our property, subject to the life estate of our survivor of us to our five dear sons heretofore named, share and share alike."

There passed to Floyd under these provisions, along with other property, the family home and three lots in Grainfield, Kansas, which had been owned by Phillis outright. This is the property in controversy, and was known by the parties as the "Noel home."

After Phyllis died Floyd, as is the wont of many widowers, sought solace in a further matrimonial venture. On September 14, 1958, he married Helen M. Noel, one of the appellees and the grantee of the challenged conveyance. Floyd and his new bride fixed up the Noel home, moved in, and resided there until Floyd died on November 12, 1960.

For the month or so they were refurbishing the Noel home the newlyweds resided in a house belonging to the new Mrs. Noel called the "Bacon place." After they moved they rented out the Bacon place for about six months, and then apparently let it stand vacant for several months.

In April, 1960, they were approached by their new tenant, Leo Ross, with a proposition to buy the Bacon place. They had been discussing the advisability of such a sale for some time as a way to avoid paying taxes on both homes. The result was a contract of sale dated April 18, 1960, under which Ross agreed to pay them $50 per month on the purchase price. Ross apparently paid for a year or two and then defaulted—the total sales price does not appear in the record. In any event, this sale was never consummated. Helen refused to execute a deed because, she said, she anticipated Ross's default, and also because she would then have no place of her own.

Which brings us to the deed in question in this action. It is a

general warranty deed purporting to convey the Noel home to Helen in fee simple, executed by Floyd on May 5, 1960. (This, it will be noted, was some three weeks after Floyd and Helen contracted to sell the Bacon place to Ross.) The consideration recited in the deed was "Love and affection and one and no/100 DOLLARS." No revenue stamps were affixed.

After Floyd's death on November 12, 1960, Helen continued to live in the Noel place. On October, 14, 1970, she deeded it to the appellees W. Ralph and M. Margaret Long, reserving a life estate. She was living with the Longs in Kirwin, Kansas, at the time of trial.

This action was brought by the four surviving sons of Floyd and Phyllis, and the children of a deceased son, to quiet their title to the Noel home as against Helen and her grantees, the Longs. On the primary issue the plaintiffs contended (by way of reply) that the deed from Floyd to Helen was a gift, and as such was invalid under the limited power of disposal contained in Phyllis's will. They asserted that Helen's continued occupancy of the Noel home after Floyd's death was under an oral understanding with them that she could live there as long as she liked, so long as she kept up the premises and paid the taxes.

The answer of Helen and the Longs set up the deed from Floyd as a bona fide exercise of his power of disposal, Helen alleging "That the deed given by the said Floyd K. Noel to this defendant was for his comfort and necessities in that the proceeds from the sale of her former home [the Bacon place] were used to modernize and improve the home on said 3 lots which he occupied until his death."

On this issue the trial court, sitting without a jury, found in favor of Helen:

"No. 2

"The Court finds from the evidence that the conveyance is in fee simple was made in all particulars within the power granted in the will to Floyd K. Noel, the survivor in the will.

(a) The conveyance was made under circumstances 'thought necessary by such survivor for the comfort and necessities of such survivor.'

(b) The conveyance was made for valuable consideration, namely 'love and affection and one and no/100 dollars,' and was a sale.

(c) The conveyance was freely and voluntarily made, for valuable consideration, made in good faith, and without fraud, and as the result of a sale.

"The one dollar was delivered by the grantee, and included in the love and affection consideration, were the following by the grantee: Contributing her savings to the joint account; contributing her social security payments and

wages to the joint account; contracting to sell and convey her separate house property in Grainfield, Kansas, with the proceeds to the joint account; contributing to the repairs and upkeep of the property which she and the grantor, her husband, occupied as their home; maintaining a happy home life for the grantor from the time of their marriage, September 14, 1958, until the time of his untimely death November 12, 1960.

"No. 3

"The conveyance of which Defendants' exhibit # 5 is a copy of the deed, is valid as a conveyance in fee simple of the real estate described therein; the Court finds no grounds for declaring it void, and it should not be declared void."

The plaintiffs have appealed, insisting that the deed to Helen was gratuitous and thus outside Floyd's power of sale. We are compelled to agree.

The parties all concur in the proposition that a power of sale such as was conferred upon the life tenant here does not carry with it the power to dispose of the property by gift. *Klooz, Administrator v. Cox*, 209 Kan. 347, 496 P. 2d 1350; *Baldwin v. Hambleton*, 196 Kan. 353, 411 P. 2d 626; *Stump v. Flint*, 195 Kan. 2, 402 P. 2d 794; *In re Estate of Tompkins*, 195 Kan. 467, 407 P. 2d 545; *Pearson v. Orcutt*, 106 Kan. 610, 189 Pac. 160.

Certain other principles are also applicable. Thus, Floyd's relationship to the remaindermen was of a fiduciary nature. In *Windscheffel v. Wright*, 187 Kan. 678, 360 P. 2d 178, 89 A. L. R. 2d 636; this court held:

"A life tenant with power to sell real property devised to her for life with remainder to designated persons, is a trustee or *quasi* trustee and occupies a fiduciary relation to the remaindermen, and in the exercise of that power, she owes to them the highest duty to act honestly and in good faith by selling the property to a *bona fide* purchaser for the best price offered." (Syl. ¶ 3.)

See, also, *Stump v. Flint*, supra, and 51 Am. Jur. 2d, *Life Tenants and Remaindermen*, § 28.

Finally, the power to consume the principal of a life estate, whether for "comfort and necessities" or otherwise, still contemplates that any sale be bona fide and for adequate consideration; it does not encompass disposal by way of gift. *Stump v. Flint*, supra.

Was this a bona fide sale for adequate consideration? We search the record in vain for evidence to support the trial court's finding that it was. As noted, the sale of the Bacon place was made three weeks before Floyd executed his deed. Helen testified that there was no connection between the two transactions:

"Q. Was there some connection, Mrs. Noel, between this and the deed that was given to you by Mr. Noel?

"A. No sir. Mr. Noel made that deed out and gave it to me and had it— * * *

"Q. All right. Now if this is a true copy of the deed which Floyd K. Noel gave to you, does this have any connection whatsoever with the deal that you made with Leo Ross and his wife?

"A. No, sir. It did not."

The trial court mentioned the contribution of her savings to the parties' joint account. The record shows she had $600 in a savings account at the time of the marriage, and that it had grown to $800 by the time Floyd died.

Helen did, as the court below observed, contribute to the household expenses. Part of her contribution came from social security at the rate of $50 per month, which she drew under Floyd's entitlement, and part came from a stipend of $100 per month paid to her by the Grainfield Telephone Company. There is nothing to indicate that the deed to Helen had anything to do with this common appurtenance of the matrimonial estate.

As to maintaining a happy home, we note Helen's testimony:

"Q. Did you realize, Mrs. Noel, that according to the will of Phyllis Noel which you had seen, that Mr. Noel had only a life estate in that Property?

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"A. Well according to a couple of other lawyers when I went to see them, they said he had a right to sell for his own comfort, and he wouldn't have had much comfort if he kept on and wanted me to sell my place."

Buying domestic tranquillity cannot be regarded as adequate legal consideration. Cf. *In re Estate of Pallister*, 159 Kan. 7, 152 P. 2d 61, Syl ¶ 7.

There remains only the "Love and affection and one dollar." Such a recital is characteristic of a gift. *Hansen v. Walker*, 175 Kan. 121, 259 P. 2d 242. And cf. *Lowdermilk v. Lowdermilk*, 183 Kan. 174, 326 P. 2d 248; *Gilkison v. Roberts*, 154 Kan. 52, 114 P. 2d 797; *In re Estate of Pallister*, supra.

Regardless of whether nominal consideration would support a deed as between the parties, the fact remains that the consideration actually received was not such as Floyd was required to receive by virtue of his status as a quasi-trustee for the remaindermen. *Windscheffel v. Wright*, supra. We conclude that the deed to Helen was an invalid attempt by Floyd to exercise his power of sale and was for that reason void.

Plaintiffs also argue that the deed would be void, even if for full

consideration, because the grantee was the wife of the life tenant. They cite *Windscheffel,* where we held (Syl. ¶ 4):

"A trustee fiduciary as described in paragraph 3 of the syllabus cannot legally buy the property at his own sale, and if the purchaser is his or her spouse, the purported sale is as void as though it were made to the trustee fiduciary himself, and the non-existence of fraud and the payment of full consideration will not validate the purchase, following *Frazier v. Jeakins,* 64 Kan. 615, 68 P. 24, 57 L. R. A. 575."

The trial court sought to distinguish *Windscheffel* on the ground that the will there specifically required the life tenant to hold the proceeds of any sale for the remainderman, whereas here the will gives a right to consume for comfort and necessities. However, we understand the duty of the life tenant to be the same in either circumstance: The duty to conserve the proceeds of a sale obtains whether explicit or implicit; if there is a right to consume it means only that the trust will be limited to that portion of the corpus which is not expended by the life tenant. *Stump v. Flint,* supra. And cf. *Seal v. Seal,* 212 Kan. 55, 510 P. 2d 167; *Klooz, Administrator v. Cox,* supra; 51 Am. Jur. 2d, *Life Tenants and Remaindermen,* § 68. Be that as it may, because we find no consideration for the deed we need not reach the question.

There remains for consideration Helen's cross-appeal from the trial court's judgment denying her third party petition. In it she alleged an oral contract for her benefit between Floyd and the Grainfield Telephone Company, Inc., of which he had been president and majority stockholder prior to his death. The contract, she claimed, called for the telephone company to pay her $100 per month and furnish her free telephone service for as long as she lived. The trial court found generally against her on this issue, stating that she had not sustained her burden of proof. Suffice it to say, the evidence was conflicting on this question. There is no suggestion of "bias, passion or prejudice" on the part of the trial judge, nor is there a claim of "arbitrary and capricious disregard of undisputed evidence." *(Short v. Sunflower Plastic Pipe, Inc.,* 210 Kan. 68, 500 P. 2d 39, Syl. ¶ 4.) The court's findings on this issue must be affirmed.

Accordingly the judgment is affirmed as to the cross-appeal. As to the main appeal the judgment is reversed and the case is remanded with directions to enter judgment for the plaintiffs-appellants in accordance with the views expressed herein.

APPROVED BY THE COURT.